### COPPEDGE v. KREUZ.  (No. 7188.)

Court of Civil Appeals of Texas. Austin. Jan. 25, 1928.

1. Damages ⬅95—Party entitled to recover should be awarded reasonable and adequate compensation for his injuries.

Where complaining party is entitled to recover, he should be awarded reasonable and adequate compensation for his injuries.

2. Damages ⬅96—Jury cannot ignore undisputed facts, and arbitrarily fix amount of damages, though amount is ordinarily left to jury's discretion (Rev. St. 1925, art. 2235).

Jury has no right to ignore undisputed facts and to arbitrarily fix an amount of damages which is neither authorized nor supported by evidence under Rev. St. 1925, art. 2235, though ordinarily amount of damages is left to discretion of jury.

3. New trial ⬅75(2)—Verdict awarding nominal damages for injuries to property and person from automobile collision held to authorize new trial, where undisputed evidence definitely fixed damage at much larger amount (Rev. St. 1925, art. 2235).

Verdict awarding only nominal damages for property damage and personal injuries sustained in automobile collision *held* error, under Rev. St. 1925, art. 2235, and new trial authorized, where undisputed evidence definitely fixed property damage and cost of medical services at a much larger amount.

Appeal from Travis County Court; Geo. S. Matthews, Judge.

Action by C. R. Coppedge against H. C. Kreuz, and cross-action by defendant against plaintiff. From a judgment in favor of plaintiff, defendant appealed to county court. From a judgment there rendered awarding nominal damages to plaintiff, plaintiff appeals. Reversed and remanded.

Cofer & Cofer, of Austin, for appellant.

BAUGH, J. Appellant recovered a judgment against appellee in the justice court of precinct No. 3, Travis county, Tex., for $100 damages resulting from an automobile collision between the cars driven by the respective parties. Kreuz appealed from said judgment, and, in a trial to a jury in the county court, the jury awarded appellant $1 in damages, from which judgment he has appealed to this court. The only contention made is that the verdict was not authorized by the evidence, and is contrary to the uncontroverted evidence.

Appellant alleged negligence on the part of appellee in causing the collision, and prayed for damages for injury to his car, and for personal injuries to himself. Appellee defended on the ground of unavoidable accident, and contributory negligence of appellant, and filed a cross-action for damages to his own car. In a general charge to the jury, all of these issues were properly submitted. Injury to appellant's car was admitted, and injury to his person not controverted. Under the charge, in order for the jury to find for appellant at all, they had to find against appellee on all his defenses. The only testimony as to the amount of his damages was that of appellant himself, which was neither disputed nor controverted by appellee. He testified that his repair bill was about $60; that there was a difference in market value of his car before and after the collision of $100; that he spent $8 for doctor's fees and bandages, and suffered partial loss of time from his work for about three weeks because of the injuries to his hand and wrist caused by the collision.

[1-3] Under a proper charge, the jury found appellee guilty of negligence causing the collision, necessarily so, but awarded only nominal damages. It is a cardinal principle of law that, if the complaining party is entitled to recover at all, he should be awarded reasonable and adequate compensation for the injuries sustained. In the instant case, the property damage was easily ascertainable and definitely fixed, as was also the cost of medi-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cal services. And, though the amount of damages is ordinarily left to the discretion of the jury under the evidence before them, yet they cannot ignore the undisputed facts and arbitrarily fix an amount neither authorized nor supported by the evidence. Article 2235, R. S. 1925; Jeanes v. Blount (Tex. Civ. App.) 206 S. W. 209; Clark v. Spurdis (Tex. Civ. App.) 258 S. W. 881, and cases there cited. In the instant case the verdict was manifestly wrong under the evidence, and the court should have granted a new trial. The judgment must therefore be reversed, and the cause remanded for a new trial.

Reversed and remanded.