Carter, Gallagher, Jones & Magee, R. Guy Carter and Ben T. Warder, Jr., Dallas, for appellant.

R. T. Bailey, Tom M. Shaw and Geo. G. Walker, Dallas, for appellees.

Eli SMITH, Appellant,

v.

Mrs. Ola Mae BULLOCK et vir, Appellees.

No. 3596.

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1958.

Rehearing Denied Nov. 13, 1958.

McDONALD, Chief Justice.

Eli Smith brought this suit against Ola Mae Bullock and her husband for personal injuries and property damage caused by a headon collision between the automobiles of the respective parties. Parties will be referred to as in the Trial Court. Trial was to a jury, which in response to special issues, found: defendant guilty of various acts of negligence proximately causing the collision in question; that plaintiff was not guilty of any act of contributory negligence which was a proximate cause of the collision; and that the collision was not the result of an unavoidable accident.

In response to Issue 48 the jury awarded plaintiff $433.10 for past medical and hospital expenses; and in response to Issues 50 and 51 found the difference in the market value of plaintiff's automobile before and after the collision was $1,345.

However, the jury answered *"None"* to Issue 47, which submitted the question of plaintiff's physical pain and mental suffering in the past and in the future and his diminished capacity to work and earn money; and answered *"None"* to Issue 49, which

submitted the question of future medical and hospital expenses.

Plaintiff filed motion to disregard the findings to Issues 47 and 49 and to declare a mistrial, which was overruled by the Trial Court. Defendants filed motion for judgment on the verdict, which was granted and judgment entered accordingly. The Trial Court thereafter overruled plaintiff's motion for new trial; and the plaintiff appeals to this court, contending: 1) There is no evidence, or insufficient evidence to support the jury's answer to Issue 47, and the answer is contrary to the undisputed and uncontradicted testimony. 2) There is no evidence, or insufficient evidence to support the jury's answer to Issue 49, and the jury's answer is contrary to the undisputed and uncontradicted testimony.

Reverting to the 1st contention—Issue 47 together with the answer of the jury is as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate plaintiff for his physical pain and mental suffering in the past, if there has been any in the past, and in the future, if you find in all reasonable probability that there will be any in the future, and for his diminished capacity to work and earn money in the past, if there has been any in the past, and in the future, if you find in all reasonable probability that there will be any in the future, all as a direct and proximate result of the injuries, if any, sustained by plaintiff, on the occasion of the collision in question? Answer in Dollars and Cents, if any."

Answer: *"None"*.

"In assessing damages, if any, you will not allow plaintiff any sum of money for lost earnings, if any, or lost earning capacity, if any, or for any physical pain and suffering, in the past, if any, or for any mental anguish in the past, if any, sustained or suffered by plaintiff as the natural and probable result of any other injury or infirmity other than that solely caused by the accident in question, if any, and you will not allow plaintiff any sum of money for any impairment as to earning capacity or for any mental and physical pain that the plaintiff will naturally and probably sustain and suffer in the future, if any, as the natural and probable result of any pre-existing injury, disease, infection, or bodily infirmity, if any, other than that solely caused by the accident in question, if any."

The record reflects that plaintiff, at the time of the accident, was 43 years old and weighed 170 pounds, while at the time of trial he weighed 154 pounds. The collision was a headon one of such force as required a wrecker to pull the cars apart, and threw plaintiff against the steering wheel of his car. As noted, the jury found and awarded $1,345 as the damages sustained by plaintiff's automobile and $433.10 as medical and hospital bills incurred by plaintiff. Plaintiff was taken to the hospital in Corsicana by ambulance, where he was attended by Dr. Sneed, who gave him hypodermics as he was suffering pain. A stomach pump was inserted through his nose and remained there for four days. He was confined in the hospital for six days. He had pain in his body from his chest into his groin. He had a gash two inches long on the kneecap of his right knee and a gash one inch long on his left knee and also pain in his back and hips. At the end of six days in the hospital he was removed to his home in Olney, where he remained in bed for four or five days. He was attended in Olney by Dr. Lovett, who prescribed hot packs for his knee. After remaining in bed at home for four or five days he went to the hospital in Olney and remained there four or five days. He was given shots every two or three hours, hot packs kept on his knee, and the fluid in his knee removed three times by inserting a suction needle into the knee. It is in evidence that some years prior to the accident

he suffered a small hernia, which was aggravated by his accident; and that some years prior to the accident he had been operated on for an ulcer, from which he had completely recovered.

Both Dr. Sneed and Dr. Lovett testified that he was treated for pain; that he suffered from a contused chest, a contused abdomen, lacerations, abrasions and infections of the knee.

There was evidence on his diminished capacity to work and earn money as well as evidence on future pain, suffering and medical expenses.

■ The jury by their answer said plaintiff had suffered no physical pain or mental anguish as a result of the accident; no loss of earnings; and that he would suffer none in the future, have no loss of earnings in the future or medical expenses in the future. The jury did find, as noted, $433.10 as reasonable medical expenses already incurred. Without going into the matter of future medical expenses, past or future diminishment of earnings or future pain and suffering—or the mental processes by which the jury may have arrived at their answer, we think, from the record recited, that the jury's answer of *"None"* is against the great weight and preponderance of the evidence. The answer of *"None"* on the pain and suffering feature of the question in the face of 11 days hospitalization; 5 days at home in bed; draining of the kneecap by use of needles; and the administration of hypodermic shots for pain, renders such answer contrary to the great weight and preponderance of the evidence as well as inadequate. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Rule 328, Texas Rules of Civil Procedure.

Our Supreme Court, in Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795, holds that where the facts disclose that a child was seriously injured when struck by an automobile driven by defendant and the jury found that negligence of defendant was a proximate cause of injuries, jury's answer to special issue that child sustained no damages should be disregarded as contrary to the evidence and a new trial granted. In Clark v. Spurdis, Tex.Civ.App., 258 S.W. 881, Er.Dis., which is a case of personal injuries to plaintiff caused by the negligence of defendant, the court set aside an award of $1 as manifestly wrong and ordered a new trial of the cause. To the same effect is Coppedge v. Kreuz, Tex.Civ. App., 2 S.W.2d 362, no writ history.

■ Further to the foregoing, the jury in the case at bar, on the undisputed evidence of hospitalization for 11 days and medical treatment, found defendant liable for the $433.10 expense of same, but *not* liable for any of the other damages complained of herein. This presents an irreconcilable conflict in findings, further necessitating a reversal. See Boultinghouse v. Thompson, Tex.Civ.App., 291 S.W. 573, W/E dis.; Dillard v. Traders & General Ins. Co., Tex.Civ.App., 271 S.W.2d 825.

Plaintiff's 2nd contention complains of the jury's finding of *"None"* to Issue 49, which inquired of the amount necessary for medical expenses to be incurred in the future, as a result of plaintiff's injuries. In view of the disposition being made of the case, discussion of this contention is not deemed necessary.

From the foregoing it follows that the judgment is reversed and the cause is remanded for another trial.

Reversed and remanded.

HALE, J., not participating.