EFFIE WEBSTER, appellee, v. CITY OF COLFAX, appellant.

No. 49550.

(Reported in 93 N.W.2d 91)

NOVEMBER 18, 1958.

Arnold H. Myhra, of Colfax, and Brierly, McCall & Girdner, of Newton, for appellant.

Korf, Diehl & Swanson, of Newton, for appellee.

LARSON, J.—This is an action at law, brought by a 66-year-old lady, against the City of Colfax for damages for personal injuries received in a fall upon an allegedly defective sidewalk. There was a general verdict for plaintiff in the amount of $623.23. The general verdict was supplemented by answers to special interrogatories submitted by plaintiff, which denied plaintiff any amount for pain and suffering, past or future, or any amount for loss of earnings and earning capacity in the future, but did allow her $623.23 for past medical expenses. On plaintiff's motion for a new trial under the provisions of rule 244, R. C. P., the trial court set aside the verdict on the ground that "the verdict of the jury affirmatively shows that the jury failed to allow the amount of damages shown by uncontradicted testimony"; that the verdict "affirmatively shows either the verdict should have been much larger or should have been for the defendant, and was contrary to the evidence and the instructions of this court and was grossly inadequate to such an extent as to shock the conscience of the court"; and that the jury failed to follow Instruction No. 14 to the extent that "plaintiff has not received substantial justice" as defined by this court in Torrence v. Sharp, 246 Iowa 460, 68 N.W.2d 85. A new trial was ordered, and defendant appeals.

The only issue before us is whether the trial court erred in granting the new trial.

The evidence material to this appeal is undisputed. It discloses that plaintiff fell while walking on a downtown sidewalk when she stepped on the edge of a hole in the walk. She suffered a broken hip and was hospitalized for two weeks. She underwent

surgery wherein a pin, known as the Smith-Peterson nail, was inserted in the thigh to reduce the fracture. Thereafter she was confined to a wheel chair for three months and was on crutches for another two months. Her daughter took care of her during her convalescence and rendered nursing services for her for twenty weeks. At fifteen hours per week, the fair and reasonable value of that service was $1 per hour.

Plaintiff was employed as a companion, or housekeeper, prior to her fall, and returned to her work about fifteen months later. She received $15 per week plus board and room and laundry, and the reasonable value of such services in and about Colfax was $15 to $20 per week, plus board and room and laundry. The fair and reasonable value of laundry was $3 per week, board $1.20 per day, and room $5 to $7 per week.

The record discloses that as a result of the broken hip plaintiff has been unable to do the hard or standing tasks she had done, and thus had to reject some offers of work. She is now unemployed. She suffers approximately 50% loss of ability in muscle function and, except for light tasks, can no longer do housework. She was caused great pain and suffering due to the injury and treatment and still has trouble sleeping. The evidence of her doctor and hospital expenses amounted to about $623.23 as found by the jury. Under this showing we are unable to understand why the jury allowed only the medical expense.

I. Restricting her damage to this out-of-pocket expense so shocked the conscience of the learned trial court that it concluded substantial justice was not done and granted her a new trial. We agree.

The trial court concluded also that the jury abused its discretion and did not follow court Instruction No. 14. Instruction No. 14 told the jury if it found that plaintiff was entitled to recover, the amount she was entitled to recover for pain and suffering "is left to the sound discretion and good judgment of the jurors", and that it should allow "a sum as they believe will fully and fairly compensate for * * * such items." A similar paragraph related to medical and hospital expenses, loss of time from work, and for diminished ability to work and earn, and for

future damage, reduced to its present worth and value. Defendant did not at any time complain of this instruction.

Instruction No. 24, which was requested by the plaintiff, stated: "If under the evidence guided by these instructions you find that the plaintiff is entitled to recover damages against the defendant, then in addition to your general verdict you will answer the following five interrogatories, to wit:

(We shall consider only three of these.)

"1. What amount, if any, do you find that the plaintiff has proven by a preponderance of the evidence will compensate Effie Webster for her pain and suffering and mental anguish suffered by her from September 17, 1954, to the present date?" (The jury answered "None.")

"3. What is the amount, if any, that you find from a preponderance of the evidence is the loss of earnings and earning capacity suffered by Effie Webster from September 17, 1954, to the present date?" (The jury answered "None.")

"5. What is the amount, if any, that you find from the preponderance of the evidence is due the plaintiff for past medical expense?" (The jury answered "$623.23.")

Plaintiff-appellee contends it is inconceivable that a jury, under such circumstances as disclosed by this record, could come to the conclusion that plaintiff had not shown substantial, credible and conclusive proof of damages in the form of pain and suffering, loss of earnings over a fifteen-month period, and of future physical impairment.

The trial court concluded such answers by the jury indicated either an abuse of discretion or that the jury did not understand or perform its legal duty. Thus the failure to award some amounts for these items of damage so shocked the conscience of the court that it set aside the verdict as inadequate.

Whether you call the damages awarded inadequate or charge the jury with misunderstanding or an abuse of discretion does not matter in this case. The granting of a new trial was just, proper and necessary.

█ While it is true the assessment of unliquidated damages is peculiarly within the discretion of the jury, yet we have often said that discretion is not unlimited. The applicable rule is that courts will usually not interfere unless the result is a verdict so

large or so small that it shocks the conscience. In re Estate of Murray, 238 Iowa 112, 114, 26 N.W.2d 58; Tathwell v. Cedar Rapids, perhaps the leading case on this issue, 122 Iowa 50, 97 N.W. 96; Torrence v. Sharp, 246 Iowa 460, 68 N.W.2d 85; Gilbert v. Kinnaird, 229 Iowa 141, 294 N.W. 272. Obviously, the jury awarded damages covering medical expense only, which was inadequate under the record. We are satisfied that the jury's failure to award any sum for pain and suffering and failure to award her any sum for loss of earnings are sufficient to justify the trial court's conclusion. The general verdict, supplemented by the interrogatories, was clearly contrary to the evidence.

II. There is also another test applicable here. We have often said the trial court should grant a new trial where it clearly appears that the verdict does not effectuate substantial justice or that the jury from any cause clearly has failed to respond to the real merits of the controversy. In re Estate of Murray and Torrence v. Sharp, both supra, and cases cited. It is obvious in the case at bar that if the jury finds that the city is liable for plaintiff's injury, it must respond by awarding to her a just and reasonable amount for her clearly-disclosed and proven damages. Nothing else will effectuate substantial justice in the matter. It was not done by merely providing her medical expenses.

III. Defendant relies heavily on the cases which state that the jury is the sole judge of the credibility of the witnesses, and argues that the court has no power to interfere where the jury does not choose to believe certain testimony, even though not refuted. Smith v. Darling & Co., 244 Iowa 133, 141, 56 N.W.2d 47. The rule has no application here. The refusal of a jury to accept the obvious and reject competent and conclusive testimony, undenied, under its power to adjudge credibility cannot be limitless. Justice is not so blind as to permit the rejection of evidence of pain and suffering as incredible when one has such surgery performed, or the rejection of evidence of loss of earnings when one is bedfast and is confined to a wheel chair and crutches during convalescence. In finding the city liable, the jury bound defendant to compensate plaintiff for her proven damages. Under the facts of this case, the discretion is clearly

limited to an amount which is not so small as to be inadequate or too large to be excessive.

We prefer to hold that a refusal to give credibility to testimony under such facts is clearly an abuse of the jury's discretion. When the unlawful exercise of jury discretion is so apparent from the answered interrogatories, the verdict must be set aside and a new trial granted.

In so doing, we do not hold that the court may substitute its judgment for that of the jury when fairly arrived at, but only repeat what we said in the Tathwell v. Cedar Rapids case, supra, that by the great weight of authority the power to set aside the verdict, when manifestly inconsistent with the evidence, which is clearly the result of a misconception by the jury of its power and duties, is as fully recognized where the verdict is inadequate as it is where it is excessive. Gilbert v. Kinnaird, supra.

It is our conclusion that the trial court did not err, and its order for a new trial is affirmed.—Affirmed.

All JUSTICES concur.