FORDON v. BENDER.

DAMAGES—INADEQUACY OF VERDICT—SPECIAL DAMAGES—PAIN AND SUFFERING.
> Jury's verdict, limited to issue of amount of damages for special damages for automobile, hospital, and X-ray expense only and ignoring trial court's instruction relative to pain and suffering of plaintiff who sustained personal injuries in rear-end collision *held*, overwhelmingly against the evidence and, under the evidence, grossly inadequate.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted January 6, 1961. (Docket No. 48, Calendar No. 48,697.) Decided April 26, 1961.

Case by Lee A. Fordon against Clem Bender and Clemens Bender for personal injuries and property damage resulting from automobile collision. Verdict and judgment for plaintiff. Plaintiff appeals, claiming inadequacy of damages. Reversed and remanded for new trial.

*Markle & Markle*, for plaintiff.

*Carl F. Davidson* (*Kenneth S. Halsey*, of counsel), for defendants.

SOURIS, J. This lawsuit resulted from a rear-end collision, plaintiff being the driver and owner of the front car involved. The questions of defendants'

---

REFERENCES FOR POINTS IN HEADNOTES
15 Am Jur, Damages § 231 *et seq.*

negligence and plaintiff's contributory negligence were removed from the jury's consideration by the trial judge, defendants having admitted liability in their opening statement. The sole issue before the jury was the amount of damages, if any, recoverable by plaintiff. In reporting the verdict the jury foreman said:

"We have decided to give the plaintiff $25 damages that he paid for his automobile, plus his hospital and X-rays which was another $200."

In allowing plaintiff to recover for his special damages, the jury must necessarily have found that he suffered injuries proximately caused by defendants' negligence. The court properly instructed the jury with respect to its duty to award such special damages in the event it found that defendants proximately caused plaintiff's injuries. The court also properly charged that in that event plaintiff should be awarded, in addition, an "amount that will compensate him as far as money can compensate him for the pain and suffering that he has endured." There was much disputed testimony relating to plaintiff's medical history and physical condition both prior and subsequent to the collision here involved. Defendants sought to prove that plaintiff's injuries had been caused by other events, principally athletic and body-conditioning activities in which he engaged rather extensively, and, of course, plaintiff sought to prove his claim that the injuries were caused by defendants. The jury resolved the dispute in plaintiff's favor by its verdict, which included damages for plaintiff's medical expenses. The jury's verdict, however, manifests a disregard of the court's quoted instruction by its failure to award damages for pain and suffering. Once the jury resolved the causation dispute, the great weight of the evidence compelled it to award plaintiff damages for

the pain and suffering which naturally followed such injuries found by the jury to have been proximately caused by defendants. The language of this Court in *Weller* v. *Mancha,* 353 Mich 189, 195, 196, is applicable here:[*]

"The jury verdict was for the exact amount of the stipulated special damages of the deceased. It is apparent that no consideration was given by the jury to the additional elements of the pain and suffering of the deceased and the future damages of the widow and minor child, and, therefore, the damages awarded to plaintiff were overwhelmingly against the evidence, and, under the evidence, grossly inadequate."

We deem it unnecessary to discuss other questions raised in this appeal, as they are unlikely to occur upon retrial.

Reversed and remanded for new trial. Costs to plaintiff.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with SOURIS, J.

CARR, J. *(concurring).* It is apparent in this case that the jury did not include in its verdict any allowance to plaintiff for pain and suffering undergone by him as the result of the injuries sustained in the accident. The trial judge charged specifically as follows:

"If you find that the plaintiff is entitled to recover, you should award him an amount of money sufficient to reasonably compensate him for the pain and suffering, both physical and mental, caused by any injuries or disability which resulted from this accident. Plaintiff is entitled to recover for all of his pain, suffering and disability as a result of this accident,

---

. [*] See, also, annotation at 20 ALR2d 276 and cases cited therein.

even though you find that because of some prior condition he may have been more susceptible to injury or suffered more and even though because of the prior condition the injury produced more serious results."

The conclusion is unavoidable that the jury disregarded the instruction as given and, in consequence, returned an inadequate verdict. We are in accord with plaintiff's contention that a new trial should be granted for such reason.

Plaintiff's attending physician was not called as a witness on the trial, nor was his testimony introduced by way of deposition. At defendants' request the trial judge charged the jury that the failure to introduce such testimony gave the jury the right to assume that the testimony of the physician, had it been offered, would have been unfavorable to the plaintiff. Other medical testimony was introduced with reference to plaintiff's injuries and the door was thus opened for defendants to call the physician in question, or to take his deposition, if they wished to do so. In view of the situation in this respect we think the charge was erroneous. *DeGroff* v. *Clark,* 358 Mich 274, and statutory provisions there discussed.

For the reasons indicated we concur in reversal and remand for a new trial.

DETHMERS, C. J., and KELLY and BLACK, JJ., concurred with CARR, J.