Phyllis Jean RICE, Individually, etc.,
Appellant,

v.

Estelle S. RIZK, Executrix, etc., Appellee.

Estelle RIZK, Executrix, etc., Appellant,

v.

Phyllis Jean RICE, Individually, etc.,
Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1970.

Rehearings Denied June 12, 1970.

Stanley R. Hogg, Creech & Hogg, Ashland, for appellant.

Henry R. Wilhoit, Jr., Wilhoit & Wilhoit, Grayson, for appellee.

NEIKIRK, Judge.

This is a malpractice action brought against Dr. Paul F. Rizk involving the death of a viable fetus, infant Rice, and personal injuries to the mother, Phyllis Jean Rice. During the pendency of the action, Dr. Rizk died. The action was revived, and Estelle S. Rizk, as executrix of the estate of Paul F. Rizk, defended.

The trial before a jury resulted in a judgment in favor of appellant, Phyllis Jean Rice, in the total sum of $1,000. Phyllis Jean Rice appeals; Estelle S. Rizk cross-appeals.

Mrs. Rice testified that: Dr. Rizk examined her on her first visit to him on April 25, 1965, using a glove that was not sterile; he "broke my water" during the examination and attempted, unsuccessfully, to induce labor pains by injecting some substance into her veins; she had not visited Dr. Rizk's office prior to that visit and had not received any other prenatal medical attention; and on that date she could feel the infant Rice moving and Dr. Rizk told her he could hear the fetal heartbeat. She testified that Dr. Rizk gave her no medical treatment on any visits she made to him thereafter and that he told her each time to come back only when she was in labor. She stated that because of the profuse discharge she was experiencing she went to another doctor, who, after examining her, immediately sent her to the hospital in Ashland.

When she entered the hospital, she was found to be suffering from infection. She was treated with various antibiotics. She was delivered of a stillborn male child by Dr. John H. Neyer on May 5, 1965. Mrs. Rice made a normal recovery and returned to her household duties. Mrs. Rice is the mother of seven living children, one of whom was born after the death of infant Rice. All of her pregnancies and child deliveries have been normal and without incident except in the case of infant Rice.

Mrs. Rice alleged the negligence of Dr. Rizk as being actionable and sought damages for pain and suffering, medical expenses, destruction of infant Rice's power to earn money, and burial expenses.

Dr. James F. Williamson, who examined Mrs. Rice at the hospital in Ashland, testified: "Mrs. Rice's condition could not have developed without having rupture of the membrane as precursor to her condition."

He further stated: "I do not feel that the standard of care, in this case, was what it would be in the Ashland area."

Dr. Neyer testified that he delivered the stillborn, full-term infant Rice. He stated that the cause of death was "intrauterine infection." In answer to a hypothetical question, Dr. Neyer stated: "I would feel that the judgment of the physician attending this case was poor and that any competent physician trained by ordinary standards of medical education in this country would have recognized a medical problem that was progressing to an undesirable end."

The trial court gave among others the following instructions to the jury:

"Instruction No. 6—If you find for the Plaintiff under Instruction No. 1, you will award her as an individual reasonable compensation for the bodily pain and mental suffering endured by her, if any, not exceeding the sum of $15,000, and for the medical expenses incurred by her, not exceeding the sum of $500, the total award for Plaintiff Phyllis Jean Rice, individually, not to exceed the sum of $15,500.

"Instruction No. 7—If you find for the Plaintiff, Phyllis Jean Rice, as Administratrix of the Estate of Infant Rice under Instruction No. 2, you should award for her such damages as you may believe from the evidence will reasonably and fairly compensate Infant Rice's estate for the destruction of his power to earn money and for burial expense, not exceeding in all the sum of $25,000, the amount demanded in the Complaint."

The jury retired and returned the following verdict:

"We the jury do agree and find for the plaintiff, Phyllis Jean Rice, and for Plaintiff Phyllis Jean Rice as administratrix of the Estate of Infant Rice as follows:

| | |
|---|---|
| Pain and Suffering | _____ |
| Medical Expense | $875.00 |
| Destruction of Infant Rice's power to earn money | _____ |
| Burial Expense | $125.00 |

/s/ Thelma Prichard
Foreman"

When the jury returned the verdict, the court orally instructed the jury as follows:

"Ladies and gentlemen:

You have not followed Instruction #6 of the court which limited the medical expenses incurred to $500. In your verdict you have found medical expenses of $875. You must find medical expenses within the limit set by Instruction #6. If you intended the excess, to wit the sum of $375, to be for some other part of the damages, then you should place that in the proper place.

"You are further instructed that inasmuch as you found a verdict for medical expense you must find some sum for pain and suffering, and you will insert that in the proper place."

The final verdict returned by the jury was as follows:

"We the jury do agree and find for the plaintiff, Phyllis Jean Rice, and for Plaintiff Phyllis Jean Rice as administratrix of the Estate of Infant Rice as follows:

| | |
|---|---|
| Pain and Suffering | $375. |
| Medical Expense | $500. |
| Destruction of Infant Rice's Power to earn money | _____ |
| Burial Expense | $125. |

/s/ Thelma Prichard
Foreman"

Before the jury was discharged, appellant requested the court to instruct the jury to find some amount for the destruction of infant Rice's power to earn money. The trial court refused, and accepted the verdict.

Mrs. Rice seeks a new trial as to damages only. She insists that the jury award of $375 for pain and suffering was grossly inadequate, and that the jury should have made an award to the estate of infant Rice based on the destruction of infant Rice's power to earn money.

■ We cannot say that the award of $375 for pain and suffering was "grossly inadequate." Admittedly, it is small, but we do not feel that we should invade the province of the jury in its findings. We do say that the trial court committed error, after the jury had returned a verdict for an amount in excess of the instructions for medical and hospital expenses, in orally instructing the jury that upon reconsideration of the verdict, it might put the excess award to some other part of the damages, following this with a direction to find some sum for pain and suffering. The language used by the trial court was a strong suggestion to the jury as to how much it should award for pain and suffering. The jury followed this suggestion and awarded exactly that amount.

We said in Irwin v. Jenkins, Ky., 427 S. W.2d 819:

" * * * This court has always viewed with considerable caution statements made by the trial judge because of the respect and esteem with which he is held by the jury and the substantial bearing his remarks have on the jury's opinion. * * * "

The remarks made by the trial court under the circumstances that existed in the instant case were prejudicial to the appellant.

■ We find further error in the case in the jury's failure to follow the trial court's instructions by not awarding damages for the destruction of infant Rice's power to earn money.

■ The death of a viable fetus caused by the negligence of another gives a cause of action for which damages may be awarded. Mitchell v. Couch, Ky., 285 S.W.2d 901. A viable fetus is a "person" within the meaning of KRS 411.130. Orange v. State Farm Mutual Automobile Insurance Company, Ky., 443 S.W.2d 650. The measure of damages in a wrongful death action involving an infant is the destruction of the infant's power to earn money. Phillips' Committee v. Ward's Adm'r, 241 Ky. 25, 43 S.W.2d 331; George v. Evans, Ky., 405 S.W.2d 285.

■ Lack of proof of the decedent infant Rice's power will not preclude recovery for the wrongful, negligent destruction of the infant's power to earn money. To require such proof would be to deny damages in the instant case, as well as in all similar wrongful, negligent death cases involving infants. Heskamp v. Bradshaw's Adm'r, 294 Ky. 618, 172 S.W.2d 447; City of Louisville v. Stuckenborg, Ky., 438 S. W.2d 94. There is an *inference* that the child would have had some earning power, and in this lies the basis for recovery.

Appellee would have us believe that the infant Rice was not a living person when Dr. Rizk first examined Mrs. Rice, and argues that even if living at that time the infant could have died before delivery or could have been born alive but with physical or mental defects. The jury awarded damages to Mrs. Rice based on the negligence of Dr. Rizk. The jury awarded funeral expenses for infant Rice and made a small award for pain and suffering to Mrs. Rice. It follows that the jury should have made some award for the destruction of the earning capacity of infant Rice.

736

The jury failed to follow the court's instructions to award some sum on all elements of proven damages. A new trial must be awarded because the verdict is contrary to the law. Phipps v. Bisceglia, Ky., 383 S.W.2d 367; Biggs v. Toone, Ky., 244 S.W.2d 443; Walls v. VanMeter, 311 Ky. 198, 223 S.W.2d 734.

On cross-appeal, appellee Rizk contends that appellant Rice failed to prove by competent medical testimony that the death of infant Rice was brought about or caused by the negligence of Dr. Rizk, and thus the trial court improperly overruled appellee's motion for a directed verdict. We hold that the medical testimony was such as to properly present a jury issue under the instructions of the trial court.

In Nolan v. Spears, Ky., 432 S.W.2d 425, a negligence case, we reversed the trial court and directed that on a new trial the question of damages only should be submitted to the jury. In that case the appellee-defendant did not question the verdict and did not cross-appeal. In the instant case the appellee-defendant moved for a directed verdict and did cross-appeal, and the issue of negligence was close. We hold that to reverse the instant case to be tried on damages only would be an injustice to all parties. The verdict of the jury is so inconsistent with the instructions of the trial court as to warrant a new trial on all issues.

On a retrial of the case, the instruction on damages for pain and suffering of Phyllis Jean Rice should be so worded that it confines any recovery on this item to only that pain and suffering, if any, caused by the negligence of Dr. Rizk.

The judgment is reversed on the direct appeal and affirmed on the cross-appeal.

All concur.