COOPER *v.* CHRISTENSEN

OPINION OF THE COURT

1. DAMAGES — TORTS — INDEPENDENT TORTFEASORS — PARTIAL PAYMENT.

The consideration received by one injured as a consequence of a tort committed by two or more tortfeasors operates to reduce, *pro tanto*, the amount of damages he is entitled to recover against any other tortfeasor responsible for his injuries, whether the tortfeasors are joint or independent.

2. DAMAGES — TORTS — INDEPENDENT TORTFEASORS — ASSAULT AND BATTERY — PARTIAL PAYMENT.

A sum of money which plaintiff received from three youths who committed an assault and battery upon him on defendant's premises was properly allowed by the trial court to be considered by the jury in reducing the amount of damages which plaintiff could receive from defendant.

3. DAMAGES—TORTS—ASSAULT AND BATTERY—EVIDENCE—VERDICT—ADEQUACY.

Jury award of $675 was grossly inadequate where uncontroverted testimony established plaintiff's out-of-pocket expenses at $2,081.61, after taking into account an amount paid by persons who had assaulted plaintiff on defendant's business premises, and where plaintiff's pain and suffering were ignored.

DISSENT BY O'HARA, J.

4. DAMAGES—EVIDENCE—JURY—EVALUATION OF TESTIMONY.

*A jury is free to evaluate any testimony adduced on trial and is not obligated to accept in full uncontroverted testimony regarding a party's damages.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 45 Am Jur, Release § 36 *et seq.*
[3] 6 Am Jur 2d, Damages § 179.
[4, 5] 6 Am Jur 2d, Damages § 181 *et seq.*

5. DAMAGES—SPECIAL DAMAGES—EVIDENCE—VERDICT—ADEQUACY.

  *Testimony in support of a claim of special damages, un-*
  *controverted or not, does not bind a jury to render a verdict*
  *in that amount because special damages are not sacred but are*
  *subject to proof and jury evaluation if they are in issue;*
  *therefore a jury award of $675 should be affirmed even though*
  *uncontroverted testimony established plaintiff's special damages*
  *at $2,081.61.*

Appeal from Wayne, George T. Martin, J. Submitted Division 1 June 11, 1970, at Detroit. (Docket No. 8070.) Decided December 10, 1970.

Complaint by Larry Cooper against Aksel Christensen for damages for personal injury. Plaintiff appeals on grounds of the inadequacy of the verdict. Reversed and remanded.

*Albert Lopatin* (*Theodore M. Rosenberg,* of counsel), for plaintiff.

*Johnson, Campbell & Moesta,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. In October of 1963, plaintiff was attacked at defendant's drive-in by a group of youths. Resulting injuries to his left ankle required hospitalization and surgery. For six months plaintiff wore a nonwalking cast which was removed in late March, 1964. At the time of the attack plaintiff was employed by the Sampson-Hill Corporation. He never returned to work for them. He had filed an application with the Ford Motor Company prior to

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the assault and Ford called him to work on April 1, 1964. He reported immediately and engaged in heavy physical labor, which he was able to perform regularly from then on. Plaintiff received no medical treatment after April 1.

The medical records librarian for Wayne County General Hospital testified that plaintiff's medical treatment, excluding doctors' fees, cost $1,139.25. No evidence regarding doctors' fees was submitted.

The chief accountant for the Sampson-Hill Corporation testified that plaintiff was on sick leave from October 14, 1963, until April 3, 1964, during which time he lost $1,980.30 in wages.

Plaintiff testified regarding his injury, hospitalization, surgery, pain and suffering, and wearing of a nonwalking cast. There was no evidence of complications or permanent disability. Over counsel's objection, plaintiff testified on cross-examination to the receipt of $1,037.94 from his assailants.

The trial court gave the jury the following instruction:

"And I also charge you that the plaintiff has received a sum, according to the testimony, of $1,037.94 from the three boys that committed the assault. And therefore, if you should find the defendant liable, you must deduct the sum of $1,037.94 from the amount of damages you find the plaintiff has proven."

The jury awarded plaintiff $675. Plaintiff appeals the denial of his motion for a new trial. He claims that the court below erred in allowing the jury to deduct the sum paid by his assailants from any damages, and that the award was grossly inadequate.

The consideration received by one injured as a consequence of a tort committed by two or more tortfeasors operates to reduce, *pro tanto,* the amount of damages he is entitled to recover against any

other tortfeasor responsible for his injuries, and this is so whether the tortfeasors are joint or independent. MCLA § 600.2925[2] (Stat Ann 1962 Rev § 27A.2925[2]). *Larabell* v. *Schuknecht* (1944), 308 Mich 419. Thus, the trial court did not err in allowing the jury to reduce plaintiff's damages by the sum previously paid by the youthful assailants.

Nevertheless, uncontroverted testimony was before the jury establishing plaintiff's damages at $2,081.61.[1]

A jury award which ignores uncontroverted out-of-pocket expenses is inadequate on its face. *Hugener* v. *Michlap* (1966), 2 Mich App 157; *Whitson* v. *Whiteley Poultry Co.* (1968), 11 Mich App 598. So too, an award which ignores pain and suffering is also inadequate. *Fordon* v. *Bender* (1961), 363 Mich 124.

The award in this case was substantially less than the established special damages suffered by plaintiff and failed to consider pain and suffering.

Reversed and remanded for a new trial. Costs to plaintiff.

HOLBROOK, P. J., concurred.

O'HARA, J. (*dissenting*). I am unable to agree with my colleagues.

I have never understood the law of this jurisdiction to be that a jury was *obligated* to accept in full uncontroverted testimony. In my view the jury is free to evaluate *any* testimony adduced on trial.

Stipulated or confessed damages are one thing. Testimony in support of a claim of damage, uncontroverted or no, does not bind a jury. Nor is there

[1] Hospital expenses $1,139.25, plus lost wages $1,980.30, minus $1,037.94 paid by defendants prior to this action in mitigation of damages.

anything sacred about so-called "special damages". They are subject to proof and jury evaluation if they are in issue.

I would affirm the jury verdict.