JACKSON *v.* GREGORY

1. DAMAGES—VERDICT—INADEQUACY—OUT-OF-POCKET     EXPENSES—
UNCONTROVERTED EXPENSES.

>  A jury verdict may not ignore uncontroverted out-of-pocket
>  expenses; a jury verdict which ignores such out-of-pocket
>  expenses is inadequate and must be reversed.

2. EVIDENCE—BUSINESS RECORDS—EMPLOYEE'S MEDICAL RECORD—
EMPLOYEE'S "PERSONAL RECORD"—ADMISSIBILITY.

>  An employee's "personal record", kept by his employer, and an
>  employee's medical record, kept by the medical department
>  of his employer, were admissible under the business records
>  exception to hearsay rule where the records were made in the
>  ordinary course of business (MCLA § 600.2146).

3. EVIDENCE—PREJUDICIAL EVIDENCE—APPEAL AND ERROR—PRE-
SERVING QUESTION.

>  Plaintiffs' contention that business records which contained
>  references to the plaintiff's having had venereal disease and
>  having used profane language should not have been admitted
>  because they prejudiced the jury was not heard on appeal
>  where plaintiffs' objections to the records in trial court were
>  based on hearsay and irrelevance and where on retrial, ordered
>  on another issue, the prejudicial material, if any is found
>  by the trial court, can be eliminated by a motion to restrict
>  or qualify the jury's consideration of the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 210.
"Out of pocket" or "benefit of bargain" as proper rule of damages
for fraudulent representations inducing contract for the trans-
fer of property.  13 ALR3d 875.
[2] 30 Am Jur 2d, Evidence §§ 914, 918, 927–929, 936, 954, 1109.
[3] 29 Am Jur 2d, Evidence §§ 253, 260.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 3, 1971, at Lansing. (Docket No. 9611.) Decided April 1, 1971.

Complaint by Tim Jackson and Dorothy Jackson against Roy E. Gregory for damages for injuries from an automobile collision. Judgment on a jury verdict for plaintiffs. Plaintiffs appeal the adequacy of damages awarded. Reversed and remanded for a determination of damages only.

*Albert H. Reifler (Frances R. Avadenka,* of counsel), for plaintiffs.

*Condit, Denison, Devine, Porter & Bartush (Alexander B. McGarry,* attorney for appellee, and *Charles J. Porter,* of counsel), for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Plaintiffs were back-seat passengers in an accident which occurred on October 23, 1967. The jury determined that the drivers of both of the automobiles in the accident were negligent. Plaintiffs appeal, however, contending the verdict of the jury was, as to both plaintiffs, inadequate.

At the trial, plaintiff Dorothy Jackson proved that her out-of-pocket damages were $50.15. Tim Jackson's out-of-pocket expenses were at least $263.03. The jury returned a verdict of $29 for Dorothy Jackson and $136 for Tim Jackson. Plaintiffs contend the two awards are clearly inadequate since they do not even compensate plaintiffs for their out-of-pocket expenses.

A jury verdict may not ignore uncontroverted out-of-pocket expenses. *Ross* v. *Richardson* (1970), 29

Mich App 110.  A jury verdict which does ignore such out-of-pocket expenses is inadequate and must be reversed:

"A jury award which ignores uncontroverted out-of-pocket expenses is inadequate on its face.  *Hugener* v. *Michlap* (1966), 2 Mich App 157; *Whitson* v. *Whiteley Poultry Co.* (1968), 11 Mich App 598. So too, an award which ignores pain and suffering is also inadequate.  *Fordon* v. *Bender* (1961), 363 Mich 124."[1]

Since the award in the instant case is less than plaintiffs' out-of-pocket expenses, the case must be reversed and remanded for a new trial as to damages only.

Plaintiffs also contend that the introduction of Tim Jackson's "Employees Personal Record" kept by Mr. Jackson's employer (defendant's Exhibit A) and the record kept by the medical department of his employer (defendant's Exhibit B) was error in that certain matters contained therein were prejudicial.

Exhibit A was Mr. Jackson's foreman's record on Jackson which was made in the ordinary course of business.  Exhibit B was an employee medical record on Tim Jackson.  Both records contained numerous references to back trouble which Mr. Jackson had complained of.  Since both records were made in the ordinary course of business, they should be admissible under the business records exception to the hearsay rule.  MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146).

Plaintiffs contend on appeal that the records prejudiced the jury against Mr. Jackson because they contained references to venereal disease and profane language.  However, plaintiffs' objections be-

---

[1] *Cooper* v. *Christensen* (1970), 29 Mich App 181, 184.

low were based upon hearsay and irrelevance. Since the records were certainly relevant due to the many references to prior back injuries and were admissible as business records, the trial court was correct in admitting them. We will not consider plaintiffs' contention that they were prejudicial since the issue was not raised below,[2] and because on retrial the alleged prejudicial material can be eliminated, if any is found by the trial court, by a motion to restrict or qualify the jury's consideration of the evidence.

Reversed and remanded for a determination of damages only.

---

[2] See *Rottman* v. *Township of Waterford* (1968), 13 Mich App 271, 273, 274; *Pfeiffer* v. *Haines* (1948), 320 Mich 263.