Joan Knight SMITH, Appellant
(Plaintiff below),

v.

Clarence BLAIR, Appellee
(Defendant below).

No. 4286.

Supreme Court of Wyoming.

April 29, 1974.

Harry E. Leimback, Casper, for appellant.

Houston G. Williams, Wehrli & Williams, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

The appeal in this case raises a single question of law:

Did the failure of the jury to award general damages in the face of an award for substantial medical and hospital expense result in an improper or irregular verdict?

We recently had occasion to say, in DeWitty v. Decker, Wyo., 383 P.2d 734, 736, as a general rule, the failure of a jury to award general damages, in the face of an award for substantial medical and hospital expenses, results at least in an improper or irregular verdict. We said the authorities we had examined on the subject were practically unanimous in so holding. And, in Davidson v. Schneider, Mo., 349 S.W.2d 908, 913, the Supreme Court of Missouri stated, it has become the generally accepted view that awards of medical expense only, the jury failing to award any sum for pain and suffering, are invalid and set aside almost as a matter of course.[1]

Inasmuch as the jury in the *DeWitty* case was asked to make specific findings with respect to special and general damages, it was furnished a verdict form with a place for special damages to be filled in and a blank space for assessment of general damages. The verdict as returned stated:

"We, the jury, duly empaneled and sworn to try the issues in the above entitled case, do find in favor of the plaintiffs, and against the defendants, and assess Thelma DeWitty's special damages

1. See also Cooper v. Christensen, 29 Mich.App. 181, 185 N.W.2d 97; Fordon v. Bender, 363 Mich. 124, 108 N.W.2d 896; Franco v. Graham, Tex.Civ.App., 470 S.W.2d 429, and Rice v. Rizk, Ky., 453 S.W.2d 732.

at the sum of $1,637.00 and her general damages at $ 'none' and assess Thelma DeWitty's and Hubert R. DeWitty's property damages at the sum of $334.72."

We pointed out in the *DeWitty* opinion that the defendants were not responsible for all of appellant's difficulties and apparently the jury adopted the view that $1,637 was adequate to compensate appellant. The only verdict form provided to the jury did not permit the jury to measure the extent of defendants' responsibility for medical and hospital expenses. On the other hand, the jury was led to believe it had full discretion to grant or deny general damages. We said the jury simply solved its difficulty by filling in the blank space for general damages with the word "none."

*DeWitty* recognized the rule that the failure to award general damages when there is a verdict for substantial medical or hospital expenses made the verdict "improper or irregular." However, the principal distinction between these two cases rests in the fact that in *DeWitty* the question was not raised prior to the discharge of the jury so that a new trial could have been avoided and the verdict corrected by further deliberation. In this case the irregularity of the verdict was raised by the appellant prior to the discharge of the jury.

The jury was instructed in the present case that plaintiff, Joan Knight Smith, had sued for recovery from the defendant, Clarence Blair, for injuries suffered in a motor vehicle accident. The plaintiff had been riding as a passenger in a 1950 Chevrolet truck when such truck was struck in the rear by a 1962 Ford truck driven by the defendant. Plaintiff alleged the collision was caused by the negligence of the defendant in driving without due caution or circumspection.

The case was tried to a jury and the jury returned a verdict for plaintiff and against the defendant in the sum of $2,015.15. The plaintiff has appealed, claiming the verdict was improper and irregular because it awarded substantial medical and hospital expenses without awarding any general damages.

In plaintiff's complaint, she claimed damages of $1,410.15 for hospital and X-ray bills, $605.00 for medical bills, $899.55 for loss of wages and $60,000.00 for permanent injuries. When the case was submitted to the jury, the trial court instructed, in Instruction 2, that: "Plaintiff claims damages of $1,410.15 for hospital and x-ray bills, $605.00 for medical bills, $899.55 for wage loss and $60,000.00 permanent injuries, a total of $62,914.70." There being no other indication in the record as to where the jury got the figure of $2,015.15, it becomes clear to us that the claims for hospital and X-ray bills (in the amount of $1,410.15) were added to the $605.00 for medical bills, making the total exactly $2,015.15.

In Henman v. Klinger, Wyo., 409 P.2d 631, 634, we said it was quite apparent, because of the odd amount of the award, that the jury allowed the stipulated amount of damages for plaintiff's car and hospital and medical expense. Likewise, in Mrs. Smith's case, it is quite apparent, because of the odd amount allowed, that the basis for the jury's verdict was the combination of the hospital and X-ray bills of $1,410.15, together with the $605.00 for medical bills. The only combination of figures to be found in the record which will make a total of $2,015.15 is the combination we have spoken of.

Of course, the jury should not have awarded damages according to the *claims* of the plaintiff but rather according to plaintiff's *proof* of damages. If we try to take figures from the evidence, in an effort to explain the jury's award, we end up with a total which is close to but not exactly the same as the amount awarded by the jury. This puts us into an area of speculation and we must not speculate on the formula which the jury used.

Appellant takes figures mentioned in the testimony and comes up with something "close" to the jury's figure. Counsel then argues that the jury must have allowed for

a brace—even though the cost of the brace had not been testified to. We are not impressed with this kind of reasoning because it is based on pure speculation and fails to furnish a plausible explanation of the jury's action.

The jury was not told that it had to be scientific or exact in awarding damages. In fact, the overall instructions left the impression that the jury was free to allow damages pretty much as it saw fit. It was instructed on the matter of general damages and how such damages, if allowed, should be arrived at. But the jury was not told that an award for medical and hospital expense without a general award of damages would be an improper award.

■ The sum of what we are saying is that, if the jury had awarded damages without it appearing how its result had been arrived at, we would not be in a position to question the award. However, when the record makes it clear that the award was determined by allowing plaintiff substantial expenditures for medical and hospital expenses, without an award of general damages, the award is irregular and improper.

In this case there was testimony pertaining to pain and suffering, loss of wages and disability. There was also testimony regarding treatment which necessarily resulted in pain and suffering. If special damages resulted, then general damages also resulted and the jury was wrong in not making an award for general damages.

In Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 736, the jury returned a general verdict for plaintiff in the exact amount he had expended for medical expenses, with nothing for pain and suffering, even though the court had instructed the jury that in determining the amount of damages it should take plaintiff's physical and mental suffering into account. The appellate court reversed the judgment entered on the verdict for the reason that the jury had ignored instructions of the court.

Also, In LoBianco v. Willgrubs, 52 Dauph. Co. 358 (1942 Pa.), it was said, under no theory of law could a plaintiff be entitled to recover for his medical expenses and be barred from recovering such items of damages as loss of earnings and pain and suffering.

■ In the case we are now dealing with, it is uncontradicted that the defendant, Clarence Blair, after his accident, pled guilty to following too closely behind the vehicle in which plaintiff was riding. In any event, defendant's liability has been sufficiently adjudged against him so that there is no need for this issue to be retried. It being our opinion, however, that the verdict of the jury is improper for the reasons we have discussed, it is apparent the case must be reversed and remanded for new trial on the issue of the amount of damages.

Reversed and remanded accordingly.

PARKER, Chief Justice (dissenting).

As Judge Gray observed in DeWitty v. Decker, Wyo., 383 P.2d 734, 738, the instructions—without objection—become the law of the case on the issue of damages. There was in the instant case no objection to the instruction informing the jury that in assessing damages they *might* take into consideration the pain and suffering of the plaintiff, *if any*, endured by reason of the injuries, *if there were any*.

Under the evidence adduced in this case, the jury could have believed that plaintiff was not actually injured but she nevertheless conscientiously thought she had been and proceeded with tests to attempt verification of her belief. Under such circumstances, the jury may have considered it only equitable that the hospital, X-ray, and medical bills be paid by the defendant; but there would be no cause for awarding damages for pain and suffering occasioned by the tests. Thus the verdict justified under the mentioned instruction, should be affirmed.