**Paul Ralph SMITH, William Burns Smith, a minor By and Through his father and next best friend, Clark A. Smith, and Clark A. Smith, jointly and severally, Appellants (Plaintiffs),**

v.

**John UHRICH, Appellee (Defendant).**

No. 84–201.

Supreme Court of Wyoming.

Aug. 8, 1985.

Vincent A. Ross of Ross & Ross, Cheyenne, for appellants.

Maxwell E. Osborn, Cheyenne, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROSE, Justice.

In the case at bar the plaintiffs were: Paul Ralph Smith, driver of the vehicle which collided with an automobile driven by the defendant John Uhrich; William Burns Smith, a minor ("by and through his father and next best friend, Clark A. Smith"), who was a passenger in the vehicle driven by his brother, Paul Ralph Smith; and Clark A. Smith, father of Paul and William and owner of the plaintiff vehicle. Clark A. Smith was not in the plaintiff vehicle at the time of the accident.

Plaintiff Paul claimed damages for pain and suffering plus $140 stipulated medical bills; plaintiff William, through his next friend, claimed damages for pain and suffering and a stipulated $45 medical bill; Clark A. Smith claimed damages to his motor vehicle and loss of use of the automobile.

The record contains extensive evidence of pain and suffering which was experienced by both Paul and William Smith. The testimony of various witnesses was that Paul injured his knee in the accident; that he was in shock for some time after impact; that his knee pained him so that it was necessary for him to consult a doctor; that the knee was swollen and red; that he continues to have the sensation of someone putting pins and needles in his knee; that the knee cap was out of place after the impact and he continues to have problems with it; that he continues to have trouble moving the knee and it hurts when he tries to walk, and that this caused him to limp for some time after the accident. Before the accident he jogged and skied extensively, but since then he has not been able to engage in these activities because it feels as though his knee will give out, and at various times it feels as though his knee is locking when he walks or exercises. He takes pain medications to alleviate the discomfort, and he gives himself hot-tub treatments to relieve the pain in his knee. The plaintiff describes continuing sensations of sharp pain which inhibit his normal activities.

The testimony of William Smith, corroborated by the doctor who treated him after the accident, was that he injured his right wrist at or near the base of his little finger; he was forced to put an ice pack on his wrist and it pained him for at least a month and a half.

The testimony of Ann Smith, the mother of the two boys, was that they both appeared to be in shock for some time after the accident, and both complained of pain in various areas of their bodies.

The jury returned the following verdict:

"SPECIAL VERDICT

"We, the jury, present the following answers to the questions submitted by the Court:

"1. At the time and place of the incident, was the Defendant, John Uhrich, negligent?

 X Yes

___No

"2. If you answered 'Yes' to question No. 1 was the negligence of the defendant a direct cause of personal injury and damage to the plaintiffs?

 X Yes

___No

"3. State the amount of damage, if any, sustained by each plaintiff as a direct result of the motor vehicle collision:

"Paul Ralph Smith — $140.00
"William Burns Smith — $ 45.00
"Clark A. Smith — $500.00"

When the verdict was returned and before the jury was discharged, the plaintiffs' attorney lodged the following objection:

"MR. ROSS: May we approach the bench, Your Honor?

"(Whereupon, the following bench proceeding was had outside the hearing of the jury.)

"MR. ROSS: I think the Court has to instruct the jury, in view of the fact they have found the special verdict, they have to find for pain and suffering or any of that other stuff, the disability or—and they can't just find special and not any more. I think they misunderstood the instruction. I move that the Court instruct the jury to find—to have them come in and return something for pain and suffering, either nothing or $1 or something."

The motion was objected to and was denied by the trial judge.

The dispositive issue in this case asks whether the trial court erred in not returning the jury to continue their deliberations for the purpose of assessing general damages.

We will hold that error was committed in refusing to return the jury for further deliberations, and will reverse and remand for a new trial on the issue of general damages concerning the claims of Paul Ralph Smith and Clark A. Smith as the next friend of William Burns Smith.[1]

### Decision

#### The Verdict Was an Improper and Irregular Verdict

We held in *DeWitty v. Decker*, Wyo., 383 P.2d 734 (1963), that a verdict awarding special damages for medical and hospital expenses and failing to award any general damages, where there was evidence of general-damage proof, was an improper and irregular verdict.

We said, in *DeWitty*, 383 P.2d at 736: "As a general rule, the failure of a jury to award general damages, in the face of an award for substantial medical and hospital expense, results at least in an improper or irregular verdict. The authorities that we have examined on the subject are practically unanimous in so holding. *Webster v. City of Colfax*, 250 Iowa 181, 93 N.W.2d 91, 92; *Vittitow v. Carpenter*, Ky., 291 S.W.2d 34, 35; *Davidson v. Schneider*, Mo., 349 S.W.2d 908, 913; *Hallford v. Schumacher*, Okl., 323 P.2d 989, 992; *Edmonds v. Erion*, 221 Or. 104, 350 P.2d 700; *Cohen v. Food Fair Stores, Inc.*, 190 Pa.Super. 620, 155 A.2d 441, 444; and *Smith v. Bullock*, Tex.Civ.App., 317 S.W.2d 232, 234. See also Annotation 20 A.L.R. 276."

In *Davidson v. Schneider*, Mo., 349 S.W.2d 908, 913 (1961), the Supreme Court

of Missouri said that it has become the generally accepted view that awards of medical expense only, the jury failing to award any sum for pain and suffering, are invalid and set aside almost as a matter of course. See also *Cooper v. Christensen*, 29 Mich.App. 181, 185 N.W.2d 97 (1971); *Fordon v. Bender*, 363 Mich. 124, 108 N.W.2d 896 (1961); *Franco v. Graham*, Tex.Civ.App., 470 S.W.2d 429 (1971); and *Rice v. Rizk*, Ky., 453 S.W.2d 732 (1970).

We observed, in *DeWitty*, that even though there was a substantial award of special damages for doctor and hospital expense, when the jury refused to award general damages, even though adequately supported by the evidence, the verdict was inconsistent on its face.[2] Even though the jury's failure to award general damages was a substantial prejudice to the plaintiff's legal rights, we would not disturb the verdict because the plaintiff was foreclosed by § 1–11–213, W.S.1977[3] from raising the issue once the jury had been discharged.

In the case at bar, as we have previously indicated, the plaintiffs' lawyer did object to the inconsistent verdict before the jury was discharged, and the trial judge denied the motion to return the jury to the jury room to correct its verdict. This was error on the part of the trial court.

In *Smith v. Blair*, Wyo., 521 P.2d 581 (1974), the jury awarded damages for medical and hospital bills, and, under DeWitty, we found the verdict to be "irregular and improper." We noted that there had been testimony pertaining to pain and suffering, and concluded that if special damages resulted from the trauma, then general damages resulted also,

---

1. There is no appeal from the jury's verdict returned upon the claim of Clark A. Smith for damage to and loss of use of his vehicle.

2. The jury, in *DeWitty*, returned a verdict in favor of plaintiffs and assessed damages as follows:

| | |
|---|---|
| "Appellant's General Damages | None |
| "Appellant's Special Damages | $1,637.00 |
| "Joint Property Damage (Car) | 334.72 |
| "Total | $1,971.72" |

3. Section 1–11–213, W.S.1977, provides:

"If a jury disagrees, or if when the jury is polled a juror answers in the negative, or if the verdict is defective in substance, the jury shall be sent out again for further deliberation and either party may require the jury to be polled by the clerk or court asking each juror if it is his verdict."

"* * * and the jury was wrong in not making an award for general damages." *Smith v. Blair*, 521 P.2d at 583.

We called attention with approval to *Wall v. Van Meter*, 311 Ky. 198, 223 S.W.2d 734, 736 (1949), a case which is remarkably similar to the case at bar. In *Wall*, the jury returned a general verdict for plaintiff in the exact amount he had expended for medical expenses, with nothing for pain and suffering, even though the jury had been instructed that it should take plaintiff's physical and mental suffering into account.[4] The appellate court reversed on the ground that the jury had ignored the instructions of the trial court.

In *Smith v. Blair*, 521 P.2d at 583, we looked with approval on *LoBianco v. Willgrubs*, Pa., 52 Dauph Co. 358 (1942), where the Pennsylvania court said that under no theory of law could the plaintiff be entitled to recover for medical expense while being barred from recovering such items of damages as loss of earnings and pain and suffering. We went on to hold that, the verdict being improper for the reasons stated, the case must be returned for retrial on the damage issue.

*Smith v. Blair*, supra, controls the case at bar, and we therefore reverse and remand for retrial of damages only in the claims of Paul Ralph Smith and Clark A. Smith as the "father and next best friend" of William Burns Smith, a minor.

ROONEY, Justice, specially concurring.

I do not consider the medical and hospital expenses of $140.00 to Paul Smith and $45.00 to William Smith to be of sufficient substance to require an award for general damages. The rule in *DeWitty v. Decker*, Wyo., 383 P.2d 734 (1963) (see quotation in majority opinion), requires a general damage award only when there is "substantial" medical and hospital expense.

Normally, we assume the evidence in favor of the successful party to be true, leave out of consideration entirely conflicting evidence of the unsuccessful party, and give to the successful party every favorable inference which can reasonably be drawn from his evidence. *Anderson v. Bauer*, Wyo., 681 P.2d 1316, 1319 (1984); *Grosskopf v. Grosskopf*, Wyo., 677 P.2d 814, 818 (1984). In this case, there was no direct evidence of lack of pain and suffering on the part of the successful party (appellee) in respect to this issue. However, it is difficult to discern any evidence which could be available for such purpose. As already noted, the inference from the unsubstantial amount of hospital and medical expenses is that there were no general damages. Since we disregard all evidence in conflict therewith, we would normally affirm on that basis.

However, when nonconflicting evidence admits of only one conclusion, a contrary conclusion cannot stand. *Wyoming Farm Bureau Mutual Insurance Company v. May*, Wyo., 434 P.2d 507 (1967); *In re Stringer's Estate*, 80 Wyo. 389, 343 P.2d 508, *reh. denied* 80 Wyo. 389, 345 P.2d 786 (1959); see *Steadman v. Topham*, 80 Wyo. 63, 338 P.2d 820 (1959).

---

**4.** The damage instruction in the case at bar reads as follows:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for those elements of damage proved by the evidence to have been caused by the negligence of the defendant, taking into consideration the nature, extent and duration of the injury.

"The claimed elements of damage are:

"(a) The pain and suffering experienced as a result of the injuries (and those reasonably certain to be experienced in the future).

"(b) Disability (and that reasonably certain to be experienced in the future).

"(c) Loss of enjoyment of life. The award for this specific element should not duplicate the award given for any other element of damage. (And any loss of enjoyment of life reasonably certain to be experienced in the future).

"(d) Permanent pain and suffering and disability.

"(e) Medical expenses, which are stipulated to be the sum of $45 for treatment furnished to William Barnes Smith and $140 for treatment furnished to Paul Ralph Smith.

"Whether any of these elements have been proved is for you to determine."

Of course, the jury may have simply not believed testimony as to pain and suffering in this case. The medical witness was not asked his opinion on the point. He did testify to "tenderness," to an abrasion, and to "swelling," and it is difficult to conclude that the jury did not believe such testimony from an impartial witness.

This evidence was sufficient to make the verdict one in which only one conclusion could be reached on the point, i.e., some pain and suffering occurred. When the objection was made to the jury, the judge should have directed the jury to return to their deliberation for the purpose of ascertaining the amount of compensation for pain and suffering, be it a small amount or a large amount. Inasmuch as this course of action was available and not utilized, I will concur in the result reached by the majority opinion.

BROWN, Justice, dissenting.

I cannot agree with the majority's disposition of this case. The majority determined that *Smith v. Blair*, Wyo., 521 P.2d 581 (1974), controlled the disposition of the present case. In *Smith*, this court said:

"We recently had occasion to say, in *DeWitty v. Decker*, Wyo., 383 P.2d 734, 736, as a general rule, the failure of a jury to award general damages, in the face of an award for *substantial* medical and hospital expenses, results at least in an improper or irregular verdict. * * *" (Emphasis added.)

In *Smith v. Blair*, supra, the *substantial* medical and hospital expenses were $2,015.15. In the case before us the medical expense, with respect to appellant William Burns Smith, was $45. By no stretch of the imagination can it be said that $45 is a substantial medical expense. The majority solves the substantial medical expense requirement of *DeWitty* and *Smith* by ignoring it. If $45 is a substantial medical expense, then only a tiny step is required to determine that $.98, the cost of a tin of Bayer aspirin, is likewise a substantial medical expense. The majority has effec-

tively eliminated the requirement that substantial medical expense need be shown.

Frequently a court will develop or adopt a sensible and rational rule; later that same court, perhaps with new members, will whittle away at the rule, eventually distorting it beyond recognition. The distortion of the *DeWitty* rule is nearly complete.

The jury was adequately instructed on compensation for pain and suffering, and counsel adequately argued these items of damages to the jury. We cannot assume that the jury disregarded the court's instructions on pain and suffering or was confused about that item of damage. Considering the trifling medical expense with respect to William Burns Smith, it is not illogical to assume the jury just did not believe his pain and suffering was compensable. This case suggests that the jury is required to award compensation for pain and suffering even if it does not believe a plaintiff or believes he has "hyped" his damages.

I would affirm the trial court.