### SOBOTTA *v.* VOGEL

1. NEGLIGENCE—JOINT TORTFEASORS—ELEMENTS.
   Joint tortfeasors are, in general, two or more persons who owe to another the same duty and whose common neglect of that duty results in injury to the other (MCLA 600.2925[2]).

2. TORTS—INDEPENDENT TORTFEASORS—ELEMENTS.
   Tortfeasors who owe to another person a different duty and who independently and successively breach their different duties

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 186.
[2] 57 Am Jur 2d, Negligence § 189.
[3] 57 Am Jur 2d, Negligence § 191.
[3, 4] 45 Am Jur, Release § 39.
[4] 41 Am Jur, Physicians and Surgeons § 137.
   Release of one responsible for injury as affecting liability of physician or surgeon for negligent treatment of injury.   39 ALR3d 260,

to that other person are not joint but independent tortfeasors (MCLA 600.2925[2]).

3. NEGLIGENCE—INDEPENDENT TORTFEASORS—APPORTIONABLE DAMAGES.

An injured party is entitled to only one satisfaction; therefore, where his injuries are caused by independent tortfeasors and the damages are apportionable, the original tortfeasor is liable for the foreseeable consequences of his negligence while the second tortfeasor is liable only for the damages proximately caused by him.

4. NEGLIGENCE—INDEPENDENT TORTFEASORS—RELEASE.

Whether plaintiff's written release of defendant company, in consideration of $4,000 paid to him for injuries sustained through the negligence of a fellow-employee, also constituted a complete satisfaction of plaintiff's claim against the doctor who allegedly negligently diagnosed and treated his injuries is a question of fact for the trier of fact; if the $4,000 is not a complete satisfaction, plaintiff may have his claim against the defendant doctor tried on the merits; however, if the $4,000 was a complete satisfaction, plaintiff, as a matter of law, is not entitled to further damages from the doctor.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 October 6, 1971, at Marquette. (Docket No. 10206.) Decided November 22, 1971.

Complaint by Anselm L. Sobotta against Anton Vogel, Jr., M.D., for negligent diagnosis and treatment of injuries. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded with instructions.

*James M. Catchick,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J.  Plaintiff appeals a Kent County Circuit Court order of summary judgment for defendant, Anton Vogel, Jr., M.D.

On March 17, 1967, plantiff filed a two-count complaint against Haviland Products Company and the defendant for injuries resulting from a fall alleged to have been caused by a Haviland Products employee and for supposed negligent diagnosis and treatment of those injuries by defendant.

Plaintiff settled with Haviland Products on May 24, 1968, for $4,000, and signed a release of all claims he had against the company.  The release had the following clause: "It is expressly understood that this release is given by Anselm Sobotta to Haviland Products Company, only, and is no way intended to release or affect the claims Anselm Sobotta has against Anton Vogel, Jr., M.D."  Haviland Products was dismissed with prejudice from the lawsuit.

Subsequently, the order for summary judgment was entered in defendant's favor.  Plaintiff appeals.

Plaintiff's only contention on appeal is that the release of the original tortfeasor, containing an express reservation of right against a physician treating the injury arising from the original tort, does not operate as a bar to a claim against said physician for malpractice.  Our courts have never spoken on this precise issue.

At the outset it can be said that MCLA § 600-.2925(2) (Stat Ann 1962 Rev § 27A.2925[2]) is inapplicable.  This statute permits a person to release one or more joint tortfeasors from liability without impairing his rights against joint tortfeasors he has not released.  Joint tortfeasors, in general, are two or more persons who owe to another the same duty and whose common neglect of that duty results in injury to such other person.  *Moyses* v. *Spartan As-*

*phalt Paving Company* (1970), 383 Mich 314, 329. Haviland Products and the defendant each owed the plaintiff a different duty. Their actions toward the plaintiff were independent and successive. They are not joint tortfeasors within the meaning of MCLA § 600.2925(2), *supra.* We must look to the common law for an answer to plaintiff's contention.

The only Michigan case dealing with release of other than joint tortfeasors our research has been able to find is *Geib* v. *Slater* (1948), 320 Mich 316.[1] This case held that a party who releases a tortfeasor who has acted independently and concurrently with another to cause a single indivisible injury releases all such tortfeasors. The instant case is distinguishable in that the alleged torts of Haviland Products and defendant arguably resulted in an injury for which damages may be apportioned. The argument was well stated in *Derby* v. *Prewitt* (1962), 12 NY2d 100, 105–106 (236 NYS2d 953, 958–959, 187 NE2d 556, 559–560):

"As to the first asserted basis for the rule, it is obvious that the taxicab driver and the doctor, having neither acted in concert nor contributed concurrently to the same wrong, are not joint tortfeasors. (See *Matter of Parchefsky* v. *Kroll Bros., Inc.* (1935), 267 NY 410, 413–414, 196 NE 308, 310–311, 98 ALR 1387.) Their wrongs were independent and successive, rather than joint, and, this being so, the plaintiff had not one but two separate and distinct causes of action, one against the cab driver for the negligent operation of his vehicle and the other against the doctor for his alleged malpractice in treating the fracture which the plaintiff sustained in

---

[1] Overruled on another point in *Moore* v. *Palmer* (1957), 350 Mich 363. In *Duncan* v. *Beres* (1968), 15 Mich App 318, 329, Judge LEVIN severely criticized *Geib* and suggested it be overruled on the point in question. In doing so, he noted that the rule there stated was against the modern trend.

the automobile accident. It is true that the driver could have been held liable for the aggravation of the injury caused by the doctor's negligence but, as pointed out above, that liability is not the result of any concept of joint wrongs but is rather the product of the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others. Conversely, it would defy reason to hold the physician liable for injuries caused by the original wrongdoer which were not the consequences of his own carelessness, and no one suggests that a release of the doctor would completely discharge the original wrongdoer.

"Nor does the second asserted reason for the release doctrine—the presumption of full satisfaction—make any sense in the context of this case. Irrebuttable presumptions have their place in the law but only where public policy demands that inquiry cease. Where the cause of action is single and the liability of one wrongdoer is identical with that of the other, there may be warrant for erecting such a barrier to suit after settlement. However, where, as here, neither of these elements is present, there is no basis or justification for preventing the plaintiff, by an artificial rule of law, from recovering the full compensation to which she would otherwise be entitled for her injuries.

"Since, therefore, neither the joint tortfeasor doctrine nor the reasons underlying it are here applicable, we may not say, as a matter of law, that the release executed by the plaintiff bars the present action. In the light of our analysis, the question for resolution, and it is to be decided as an issue of fact upon a trial, is whether the plaintiff's settlement with the taxicab driver did actually constitute satisfaction of all damages caused by his wrong or was intended as such. If it did, or was so intended, no claim remained against the doctor. But, if it did not reflect full satisfaction, and was not so regarded—

and the burden of proving this essential fact rests upon the plaintiff—the release will not prevent recovery against the doctor. Our conclusion is firmly supported not only by considerations of reason and basic fairness but also by well-considered cases in other jurisdictions. [Citations omitted.]"

It is well settled that an injured party is entitled to only one satisfaction. It is also settled law that where damages are apportionable, the original tortfeasor is liable for the foreseeable consequences of his negligence while the second tortfeasor is liable only for the damages proximately caused by him. *Meier* v. *Holt* (1956), 347 Mich 430. Plaintiff received $4,000 from Haviland Products. Whether this amounts to a complete satisfaction is a question of fact for determination by the trier of fact. We are not bound by the trial judge's ruling since he did not sit as a trier of fact. If the $4,000 is a complete satisfaction, plaintiff, as a matter of law, is not entitled to further damages from defendant. If, however, the $4,000 was not a complete satisfaction, plaintiff may have his claim against defendant tried on the merits. Since Haviland Products is also liable for defendant's negligence, if any, $4,000 should be subtracted from any judgment returned against defendant.

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.