PEOPLE v. TALAGA

1. Criminal Law—Heroin Addiction—Defendant Testifying—Discretion.

    Allowing questioning of defendant in a trial for armed robbery about his addiction to heroin at or near the time the crime was committed for purposes of establishing motive was not an abuse of discretion.

2. Criminal Law — Defendant Testifying — Credibility — Heroin Addiction.

    Heroin addiction of a defendant charged with a crime is relevant and material to the question of his credibility.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 November 8, 1971, at Lansing. (Docket No. 10448.) Decided November 23, 1971.

Robert Talaga was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

---

References for Points in Headnotes

[1] 46 Am Jur, Robbery § 10.
[2] 58 Am Jur, Witnesses § 705.
    Use of drugs as affecting competency or credibility of witness. 52 ALR2d 848.

QUINN, J. Defendant was charged with and convicted by jury verdict of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He was sentenced and he appeals.

Defendant states the first issue raised on appeal as, "Did the court commit error when it failed to grant the defendant's motion for a mistrial at the time the prosecutor asked the defendant under oath whether or not he was a heroin addict, and was the question and the testimony elicited thereby prejudicial to the rights of the defendant?" We view this issue in context with the facts developed at trial.

When the prosecution rested, it had established a prima facie case. Defendant waived an opening statement and took the witness stand. His direct testimony established that he was a married man with children, that his wife was in the courtroom and that he (defendant) knew absolutely nothing about the case.

Cross-examination developed that defendant was at home at the time of the alleged offense. That during the day of the alleged offense, he was seeking employment of any kind but he was unable to specify any person he saw or place he went concerning employment. After some testimony that is immaterial to the issue before us, defendant was asked, "Mr. Talaga, it is true you are a heroin addict?"

Defense counsel's objection was sustained, but the trial judge and counsel then held a conference in chambers at which defense counsel asked for a mistrial. The trial judge denied the mistrial and indicated he would allow the proof in. Again before the jury, the following occurred:

"*Q*. Mr. Talaga, I will restate my question, is it not true that during the period on or about December 4, 1969, that you were a heroin addict?

"*A.* No, sir.

"*Mr. Miller* [*for defendant*] : I can't hear the question.

"*A.* No, sir, not the period of time of December 4th, no sir.

"*Q.* You were not?

"*A.* No, sir.

"*Q.* Did you ask for treatment? Is that when you were arrested?

"*A.* Mr. Penzien, I would like to clarify the fact that I was arrested December 17th or 18th, subsequent to December 4th, I was not using it. The middle of November I admitted myself into Lexington to take treatments. That is why. I still stayed clean the latter part of November to Thanksgiving and through the first part of December. You have asked me to admit to drug addiction—I am admitting drug addiction.

"*Q.* As I understand, you were addicted in November and were addicted at the time of arrest but weren't addicted at the time of the offense?

"*Mr. Miller:* Objection. I believe the defendant has answered the question in regard to drug addiction. I don't believe the matter should be pursued any further.

"*Mr. Penzien* [*prosecutor*] : I am trying to make sure that I understand his testimony.

"*The Court:* I would be inclined at this point Mr. Penzien, I think it is clear on the record and sustain the objection at this time. I will also sustain it and ask that you not pursue the matter any further."

There was no further testimony on this topic, and there was no further proof by either side material to this appeal.

Grant or denial of a mistrial rests in the sound discretion of the trial judge, *People* v. *Qualls* (1968), 9 Mich App 689. The extent of cross-examination is left to the sound discretion of the trial judge, *People*

v. *Layman* (1941), 299 Mich 141, 148, as are questions of relevance and materiality of evidence, *People* v. *Bunker* (1970), 22 Mich App 396, 408.

This record does not demonstrate an abuse of discretion either in the denial of mistrial or the extent of the cross-examination. Whether the defendant was a heroin addict at or near the time of the offense was relevant and material to the establishment of a motive for defendant's commission of the crime charged. Motive, if established, would tend to rebut defendant's contention that he was at home and knew nothing of the charge made against him.

The information sought relative to defendant's heroin addiction was also relevant and material on the question of defendant's credibility.

For lack of objection at trial and for failure to move for new trial, defendant's issues on identification from photographs, in-court identification, and insufficiency of proof were not preserved for review.

Affirmed.

All concurred.