LYNCH v SIGN OF THE BEEFEATER, INC.

Docket No. 78-2643. Submitted April 17, 1979, at Detroit.—Decided May 22, 1979. In lieu of leave to appeal, reversed and remanded to the trial court for further proceedings, 407 Mich 866.

Marguerite Lynch injured her hip when she slipped and fell in the parking lot of a restaurant operated by the Sign of the Beefeater, Incorporated. That injury required the surgical replacement of the head of her right femur with a prosthesis. Subsequently she allegedly aggravated her hip injury in a work-related accident for which she received workers' compensation benefits. Plaintiff brought suit against Montgomery Ward claiming Montgomery Ward was negligent in failing to keep its parking lot safe and clear for customers. Montgomery Ward moved for summary judgment on the basis that it had no duty to remove natural accumulations of snow. The motion for summary judgment was granted. Plaintiff filed an application for leave to appeal in the Court of Appeals, which was denied. Docket No. 24383, order of August 26, 1975. Plaintiff sought leave to appeal in the Supreme Court. The Supreme Court ordered that the summary judgment be reversed and the matter be remanded for trial. 395 Mich 821 (1975). After remand, Sign of the Beefeater, Incorporated, a wholly owned subsidiary of Montgomery Ward, was substituted as defendant. At the trial in Macomb Circuit Court, Robert J. Chrzanowski, J., judgment of no cause of action was entered. Plaintiff appeals and alleges that evidence which was inconsistent with the position taken by defendant in its motion for summary judgment was improperly admitted; that during plaintiff's counsel's questioning of plaintiff concerning her financial condition the trial court improperly *sua sponte* admonished counsel as to the relevancy of the line of questioning; and that evidence of plaintiff's workmen's compensation award was improperly admitted and the jury was improperly instructed that damages, if any, arising out of the subsequent injury and attributable to

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur 2d, Estoppel and Waiver § 74.
[2] 81 Am Jur 2d, Witnesses § 507.
[3] 22 Am Jur 2d, Damages §§ 209, 346.
[4] 5 Am Jur 2d, Appeal and Error § 891.

defendant should be reduced by the workmen's compensation award. *Held:*

1. Defendant was not estopped from presenting proofs at trial that the parking lot was plowed, those proofs not being inconsistent with the "natural accumulation" position taken in the motion for summary judgment, since the proofs at trial showed that snow had fallen between the time of plowing and the time of the accident.

2. The *sua sponte* action by the trial court in terminating plaintiff's line of questioning was not improper. That action did not evidence bias on the part of the trial court, particularly since the jury was instructed that the court did not intend to indicate any opinion concerning the merits of the case by the rulings, conduct or remarks made during trial.

3. The admission into evidence of the amount of plaintiff's workmen's compensation award and the instruction to the jury that damages, if any, attributable to defendant should be reduced by the compensation award was erroneous; however, it did not result in reversible error, since it is clear that the jury did not reach the question of damages in returning its verdict in favor of defendant.

4. No error resulted from the refusal of the trial court to give a jury instruction in the exact language requested by the plaintiff where the instruction by the court accurately stated the law and embodied the substance of the requested instruction.

Affirmed.

1. EVIDENCE — INCONSISTENT POSITIONS — MOTION FOR SUMMARY JUDGMENT — TRIAL PROOFS — PLOWING OF SNOW — NATURAL ACCUMULATION OF SNOW.

A defendant is not estopped, on the basis that the position asserted at trial was inconsistent with the position taken in a motion for summary judgment that snow in a parking lot was a natural accumulation, from presenting proofs at trial that the parking lot was plowed where the proofs at trial show that snow had been falling between the time the lot was plowed and the time at which plaintiff was injured.

2. EVIDENCE — RELEVANCY — TERMINATION BY COURT — BIAS.

The termination of a line of questioning by a trial court on its own motion on the ground of relevancy may be proper and such *sua sponte* action by the court need not be evidence of bias by the court, particularly where the jury is instructed that the court did not intend to indicate any opinion concerning the

merits of the case by the rulings, conduct or remarks made during trial.

3. EVIDENCE — JURY INSTRUCTIONS — WORKMEN'S COMPENSATION — BENEFITS — DAMAGES — HARMLESS ERROR — APPEAL AND ERROR.

It is error to admit into evidence in a third party negligence case the amount of a plaintiff's workmen's compensation award and to instruct the jury that damages, if any, attributable to the third party defendant should be reduced by the workmen's compensation award; however, no reversible error occurred where it is clear that the jury never reached the issue of damages in returning its verdict in favor of the defendant.

4. APPEAL AND ERROR — JURY INSTRUCTIONS — REQUESTED INSTRUCTION — INSTRUCTION OF THE COURT.

No error results from the refusal of a trial court to give a jury instruction in the exact language requested by a party where the instruction by the court accurately states the law and embodies the substance of the requested instruction.

*Harry D. Hirsch, Jr. (E. R. Whinham,* of counsel), for plaintiff.

*James A. Brescoll,* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

J. H. GILLIS, J. Plaintiff appeals from a judgment rendered in favor of defendant upon a jury verdict of no cause of action.

Plaintiff, an elderly woman, was walking across defendant's parking lot on February 22, 1973, when she slipped and injured her right hip. She underwent surgery and the head of the femur was replaced with an Austin-Moore prosthesis. After recovering, she returned to work as a sales person. On January 13, 1975, her foot was caught under a swinging door. In attempting to extricate it she allegedly aggravated her hip injury and was unable to continue working.

Plaintiff brought suit claiming defendant was negligent in failing to keep its parking lot safe and clear for customers. Defendant was initially granted summary judgment on the theory that defendant had no duty to remove natural accumulations of snow. Ultimately, the Supreme Court reversed and remanded the case for trial on the basis of *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), which ended the "natural accumulation" rule.

The trial resulted in a verdict in favor of defendant and plaintiff now seeks a second trial, raising five issues for our consideration.

I

Plaintiff first argues that the trial court erred in allowing defendant to introduce evidence that the parking lot had been plowed on the morning of February 22, 1973. It is plaintiff's contention that this is inconsistent with the position taken by defendant when moving for summary judgment. It is true that litigants who take one position will be estopped from subsequently taking an inconsistent position. *Central Holding Co v Bushman,* 238 Mich 261, 268; 213 NW 120 (1927). However, defendant's contention that the snow present in its parking lot at the time plaintiff fell was a natural accumulation is in no way inconsistent with its subsequent claim that the lot was plowed on the morning of February 22, 1973. Plaintiff's testimony on deposition was that snow began falling around the middle of the day and she fell in the early evening. Defendant never claimed that the parking lot was plowed after 9 a.m. on that day. Thus, defendant could consistently state that snow present in its parking lot at the time plaintiff fell was a natural accumulation and that the lot had been plowed on

the morning of February 22, 1973. We find no error in the admission of the evidence.

## II

Plaintiff next contends that the trial judge showed bias against the plaintiff when he *sua sponte* objected to the relevancy of a line of questioning. Plaintiff's counsel was questioning his client concerning her poor financial status when the following exchange took place:

"*The Court:* (Interposing) Mr. Hirsch, there's been no objection by counsel, but how is this relevant to this case? This testimony only tends to appeal to the sympathy of the jury.

"*The Witness:* Oh, my goodness.

"*Mr. Hirsch:* Well, if an accident creates a situation of hardship on a person, they can be compensated for that hardship in total. If it deprives you of the ability to earn a livelihood to keep your bed and bones together, it's relevant, it is very relevant.

"*The Court:* I feel it's highly improper. Go ahead, you may continue."

The rejection of irrelevant evidence upon the court's own motion is not error. *Detroit v Porath,* 271 Mich 42; 260 NW 114 (1935). Here the trial court did not evidence bias against plaintiff, but merely explained the reason for its rejection of the evidence. Moreover, the jury was subsequently instructed that the court had not intended to indicate any opinion concerning the facts of the case by its rulings, conduct or remarks during the trial.

## III

As noted above, following plaintiff's initial in-

jury she was hurt a second time at work. It was plaintiff's theory that a normal person would have recovered from the latter injury within a short time but that because of her physical condition and prosthesis she was rendered permanently disabled. Assuming the jury accepted this theory, defendant would have been liable not only for the initial injury but also for its aggravation. *Stahl v Southern M R Co,* 211 Mich 350, 355; 178 NW 710 (1920).

Plaintiff received a total of $3,401.76 in weekly workers' compensation benefits because of the second injury and eventually entered into a redemption agreement whereby she received an additional $20,000.

Plaintiff moved to exclude reference to this sum from the evidence but the trial court denied plaintiff's motion. In addition, the court instructed the jury that if the second injury were proximately caused by defendant's negligence, then the damages awarded for loss of wage-earning capacity due to those injuries should be reduced by $23,401.76, the amount received as workers' compensation.

Plaintiff contends that it was error to admit this sum into evidence and to instruct the jury as the court did.

The collateral source rule provides that compensation due an injured person from an independent source other than another tortfeasor does not operate to lessen damages recoverable from the wrongdoer. *Blacha v Gagnon,* 47 Mich App 168; 209 NW2d 292 (1973), *Bourdon v Read,* 30 Mich App 681; 186 NW2d 737 (1971). More specifically it has been held that evidence concerning receipt of workers' compensation benefits should not be admitted in the trial of a negligence case against a third party. *Hill v Harbor Steel & Supply Corp,* 374 Mich 194, 214; 132 NW2d 54 (1965).

Defendant attempts to distinguish *Hill* because it involved but a single injury. We see no merit in that argument. Assuming the plaintiff's aggravation theory was correct, defendant was still a tortfeasor as to the second injury. Hence, plaintiff's employer could seek reimbursement from a recovery for this injury. MCL 418.827; MSA 17.237(827).

The trial court may have confused the instant situation with one involving two tortfeasors. See, *e.g., Stitt v Mahaney,* 72 Mich App 120; 249 NW2d 319 (1976), *Sobotta v Vogel,* 37 Mich App 59; 194 NW2d 564 (1971). Where that is the case, any recovery against one operates to reduce, *pro tanto,* the amount of damages recoverable against any other tortfeasor, whether joint or independent, responsible for the injuries. *Cooper v Christensen,* 29 Mich App 181, 183-184; 185 NW2d 97 (1970).

An employer has a statutory duty to pay workers' compensation benefits if disability occurs due to an injury arising out of and in the course of employment. Negligence is irrelevant. Hence, the rule involving multiple tortfeasors has no application.

We conclude that the trial court erred in admitting this evidence and instructing that it operated to reduce plaintiff's damages. However, we conclude this error does not mandate reversal. The instructions to the jury separated the issues of liability and damages:

"Your verdict will be for the plaintiff if she was injured and the defendant was negligent, and such negligence was a proximate cause of her injuries.

"Your verdict will be for the defendant if plaintiff was not injured, or if the defendant was not negligent, or, if negligent, such negligence was not a proximate cause of the injuries to the plaintiff.

"If you decide the plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates her for each of the elements of damage which you decide has resulted from the negligence of the defendant, taking into account the nature and extent of the injury."

The jury came back with a verdict "in favor of the defendant". Therefore, it is evident that the jury never reached the issue of damages. Since the improper admission of the amount received for workers' compensation went only to the damages, this error does not require reversal.

## IV

Plaintiff's final two claims on appeal concern additional instructions by the court. The instruction on the duty of care owed by the defendant was taken from *Quinlivan v Great Atlantic & Pacific Tea Co, Inc, supra.* This instruction properly conveyed the controlling law to the jury.

Similarly it was not error for the trial court to refuse plaintiff's requested instruction concerning defendant's liability for the later injury. The trial court's instruction was taken from *Stahl v Southern M R Co, supra.* The trial court is under no obligation to give a requested instruction in the exact language submitted by a party. *Schattilly v Yonker,* 347 Mich 660; 81 NW2d 343 (1957), *Clingerman v Bruce,* 11 Mich App 3; 160 NW2d 614 (1968). Here the trial court's instruction accurately stated the law and embodied the substance of the requested instruction.

Affirmed. Costs to appellee.