STOUT v. HESDORFF et ux.  (No. 7213.)

Court of Civil Appeals of Texas. Austin.
April 11, 1928.

**1. Boundaries** ⟪⇒37(5)—Evidence held to sustain finding that agreed boundary line was established and accepted by subsequent owners.

Evidence *held,* to sustain finding of trial court that an agreed boundary line had been established by adjoining owners of lots, and accepted and recognized by subsequent owners.

**2. Boundaries** ⟪⇒37(3)—Evidence held not to sustain finding that fence was erected on line of agreed boundary.

Evidence *held,* insufficient to sustain. finding of trial court that fence erected between adjoining lots was placed on boundary previously agreed to, and subsequently accepted and recognized, by adjoining owners.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by J. R. Stout against James Hesdorff and wife. Judgment for defendants, and plaintiff appeals. Affirmed in part, and in part reversed and remanded, with directions.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellant.

C. A. Davies, of San Antonio, for appellees.

BLAIR, J. Appellant, who owned lot 12 in block 83, New City block 3256, San Antonio, Tex., sued appellees, who owned lot 11, lying immediately west of lot 12, to establish the common boundary line between said lots; to recover possession of the portion of lot 12 alleged to have been fenced by appellees with lot 11; to require appellees to remove at their own expense the alleged encroaching fence; and to recover damages for the use of the portion of lot 12 alleged to have been so fenced by appellees. As concerns this appeal, appellees answered that the fence was erected in 1918 upon a line agreed upon by appellant's predecessors in title as the true boundary line between said lots. By supplemental petition, appellant replied that in 1922 appellees surreptitiously removed the fence from the agreed boundary line and erected it about six feet to the east of that line, and on appellant's said lot 12.

The trial was to the court without a jury. At the conclusion of appellant's testimony, the court, upon motion of appellees, rendered judgment that appellant take nothing by his suit; that the fence as it now existed be declared the true boundary line between the said lots 11 and 12; and that appellees be quieted and vested in title to lot 11 in accordance with the boundary line fixed by said fence.

[1] The trial court filed neither findings of fact nor conclusions of law, but it is apparent from the pleadings, the evidence adduced, and the judgment that the court found and declared that in 1918 an agreed boundary line was accepted and acted upon by the then owners of the lots in controversy; that a fence was at that time erected upon said agreed boundary line; and that all subsequent owners, including appellant, have recognized and accepted such agreed boundary line and the fence erected thereon in 1918. The undisputed evidence sustains these findings and conclusions as deduced from the judgment of the trial court. It was shown without dispute that, at the time appellant's predecessors in title purchased lot 12, appellees had already purchased lot 11; that those then owners, met on the ground, and took up the matter of establishing the boundary line between the lots; that immediately thereafter, in 1918, appellees erected a fence between the said lots, which, under the undisputed evidence, remained there without any repudiation on the part of any subsequent owner; and that appellant made no objection to the fence as fixing the true boundary line; but, in fact, has at all times insisted that it did fix and establish the true boundary line between said lots. Under such undisputed facts and circumstances, an agreed boundary line was established in 1918 by the then owners of the lots, which has been accepted and recognized by all subsequent owners, including appellant. Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Lecomte v. Toudouze, 82 Tex. 208, 17 S. W. 1047, 27 Am. St. Rep. 870.

[2] But the trial court not only declared that the agreed boundary of 1918 was and should be the true boundary, but went further, and declared in effect upon appellees' motion that the fence now existing was on that agreed boundary. In this we think the court erred. Appellant pleaded and proved that, after he purchased the property, appellees, without his knowledge or consent, removed the fence erected in 1918 to the east and over on his lot 12. It is true that appellant's witnesses differ as to the distance the fence was moved to the east, but they all concur that it was so moved, and as to distance they testified that it was moved from 1 to 10 feet. By sustaining appellees' motion for a judgment at the conclusion of appellant's evidence, the court rejected the above uncontroverted evidence, and, without requiring appellees to introduce any evidence in support of their claim that the fence now existing was constructed in the latter part of 1922, on the line represented by the old fence of 1918, which had been replaced by appellees because of its dilapidated condition. Appellees insist in this connection that the evidence of appellant's witnesses was so conflicting on the point involved that the court had the right to

,reject it; and that the proof failed to show ;any definite discrepancy in the amount of property that appellant should have and the .amount that he has now. But neither contention is sustained. The testimony is not conflicting on the issue of whether appellees moved the fence to the east from the original .agreed boundary, but is only conflicting as to the distance it was moved. So, under that state of the record, the trial court should not have rendered judgment for appellees quieting and vesting title in them, and declaring the fence as it now exists to be the true boundary line, without requiring them to make proof of their claims in respect to constructing the new fence on the line marked by the 1918 fence. Coppedge v. Kreuz (Tex. Civ. App.) 2 S.W.(2d) 362.

From what has been said herein we affirm the portion of the trial court's judgment which declares the agreed boundary line of 1918, and on which a fence was erected in that year, to be the true boundary line between the lots in controversy; but otherwise we reverse the judgment of the trial court and remand the cause, with instructions to try the issue of whether appellees removed the agreed boundary fence as constructed in 1918, and constructed a new fence to the east thereof in 1922, and on appellant's property, as alleged; and, if it be found that they did do so, to locate and re-establish the agreed boundary line as marked by the 1918 fence; and also, if it is found that the 1918 fence was removed and a new one constructed on appellant's lot 12 as alleged by him, then the other issues with reference to requiring appellees to move the fence now existing at their own expense and the damages for the use of the land inclosed by the alleged encroaching fence, if any, should be tried and determined.

Affirmed in part, and in part reversed and remanded, with instructions.