Opinion issued June 18, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00140-CV

———————————

## IN THE ESTATE OF OLUFUNKE ADEOLA ALIMI, DECEASED

---

### On Appeal from Probate Court No. 2
### Houston County, Texas
### Trial Court Case No. 529319

---

## MEMORANDUM OPINION

This appeal arises from the order granting the decedent's husband, Ganiyu Akanbi Alimi, access to the decedent's account information and the order to close and drop the estate from the probate court's docket.

In two issues, the decedent's son, David Olatunde Alimi, contends that the trial court erred by granting account access to Ganiyu after he executed an

irrevocable disclaimer and by recognizing Ganiyu as an interested person in the decedent's estate.

Because the probate court is not a proper party to this appeal, and no justiciable controversy between the remaining parties exists, we dismiss this case for lack of jurisdiction.

## Background

After the decedent, Olufunke Adeola Alimi, died, her son, David Olatunde Alimi, submitted a small estate affidavit under Section 205 of the Texas Estates Code. Ganiyu and two other children, Olawale Timileyin Alimi and Olushola Olufunke Akeredolu, disclaimed any interest they had in Olufunke's estate.

The probate court approved David's small estate affidavit. The probate court also granted Ganiyu access to Olufunke's account information from any financial institution and ordered the clerk to close and drop the estate from the court's docket. After requesting clarification and reconsideration by the probate court, David appealed the orders granting Ganiyu access to account information and directing the clerk to close and drop the estate.

David named the probate court as the appellee and Ganiyu as an "other interested party." David clarified that the appeal is not an adversarial proceeding between him and Ganiyu.

2

**Jurisdictional Analysis**

"We always have jurisdiction to resolve questions of standing and jurisdiction, and we do so via de novo review." *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015). We have the affirmative obligation to assess our own jurisdiction regardless of whether the parties have questioned it. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

**A. The probate court is not a proper party to this appeal.**

David brings two points of error attacking the probate court's orders, but he named the probate court as the only appellee. The probate court is the forum from which the appellate court exercises jurisdiction, not a party to the dispute. *See* TEX. EST. CODE § 32.001(c) ("[a] final order issued by a probate court is appealable to the court of appeals"); TEX. R. APP. P. 25.1 (distinguishing between the trial court as the origin of the judgment under review and the parties to the appeal).

An entity that was not a party to the trial court's judgment is not a proper party to the appeal. *See Hassell Constr. Co. Inc. ex rel. Hassell v. Springwoods Realty Co.*, No. 01-17-00822-CV, 2023 WL 2377488, at *1 n.4 (Tex. App.—Houston [1st Dist.] Mar. 7, 2023, pet. denied) (recognizing appellee must be party to final judgment); *Showbiz Multimedia, LLC v. Mt. States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("An appellee . . . must be a party to the trial court's final judgment . . . ."). Only parties to the underlying judgment—

3

such as heirs, beneficiaries, executors, administrators, or creditors—may be parties to a direct appeal. *See* TEX. EST. CODE § 22.018. According to Texas jurisprudence and the procedural rules, an appellate court lacks jurisdiction over a non-party who was never subject to the trial court's judgment or order. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991); TEX. R. APP. P. 25.1(b) (limiting appellate jurisdiction to those who were parties to trial court's judgment or order).

Here, because the probate court was the forum and not a party below, the probate court is not a proper party to this appeal. Thus, we cannot exercise jurisdiction over the probate court or grant relief based on claims directed exclusively at the probate court.

## B. **No justiciable controversy exists.**

Although naming an improper party as appellee does not necessarily defeat jurisdiction over the entire appeal, the specific context of a small estate affidavit proceeding combined with disclaimers and the justiciability requirement create a jurisdictional issue. *See* TEX. EST. CODE § 205.001; TEX. PROP. CODE § 240.051; *Paxton v. Longoria*, 646 S.W.3d 532, 538 (Tex. 2022). Besides the probate court, the only other party to David's appeal is Ganiyu, but David clarified that his appeal was not an adversarial proceeding between them and explained that Ganiyu executed a disclaimer of his interest in Olufunke's estate.

"[A]dversity between parties is a jurisdictional prerequisite, as without such adversity there is no justiciable controversy." *Paxton*, 646 S.W.3d at 538. Appellate courts have no jurisdiction to decide cases where there is no real controversy between the parties. *Id.*

Under the Texas Estates Code, small estate affidavit proceedings involve "distributees of the estate" who are entitled to the decedent's estate without formal administration. TEX. EST. CODE § 205.001. Accordingly, the proper parties to small estate affidavit proceedings are distributees. *See id.* When an heir appeals the probate court's orders regarding the small estate affidavit, the heir must establish that an actual controversy exists between distributees who have standing to contest the application. *See id.*; *Paxton*, 646 S.W.3d at 538; *In re Estate of Masters*, 659 S.W.3d 145, 155 (Tex. App.—El Paso 2022, no pet.) (only parties interested in an estate have standing in a probate proceeding).

Here, Ganiyu filed a disclaimer of interest in the estate and did not participate in the appeal. Under Texas law, a disclaimer takes effect as of the time of the decedent's death and relates back for all purposes to that time, with the disclaimed interest passing as if the disclaimant had died immediately before the decedent. TEX. PROP. CODE § 240.051. This creates a legal fiction that the disclaiming party never had any beneficial interest in the estate and thus lacks standing under the Texas Estates Code. *See id.*; TEX. EST. CODE §§ 22.018, 205.001; *$17,329.00 v. State*, 880

5

S.W.2d 788, 789 (Tex. App.—Houston [1st Dist.] 1993, no writ). Because Ganiyu disclaimed his interest in the estate, there is no justiciable controversy. Thus, we do not have jurisdiction over David's appeal.

## Conclusion

We dismiss the appeal for want of jurisdiction.


Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.